IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Toby Scott Nave # 241410, ) | |
| *a/k/a Toby S. Nave* ) | C/A No.: 8:06-1065-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Trans-Cor of America [1]; Cpl. Young; ) | |
| John Doe, Aiken County Detention ) | |
| Center Administrator, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Toby Scott Nave, appearing *pro se*, brought this action pursuant to 42 U.S.C. § 1983.[2] Plaintiff alleges that the defendants subjected him to medical indifference after he sustained injuries in a vehicle collision that occurred when Defendant TransCor America ("TransCor"), a company that provides prisoner transportation and extradition services, and one of its bus drivers, Defendant Young, transported Plaintiff from Florida to South Carolina.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge filed a Report and Recommendation on May 16, 2006, in which she recommended that the

---

[1]   Plaintiff identified this defendant by the name "Trans-Cor of America"; however, according to the corporation's website, the appropriate spelling of the name is "TransCor America." See TransCor America Home Page, http://www.transcor.com/ (last visited July 25, 2007). Throughout the instant order, the court refers to this defendant as "TransCor America" or "TransCor."

[2]   At the time he brought this action, Plaintiff was in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Allendale Correctional Institution ("ACI") in Fairfax, South Carolina. According to Plaintiff's subsequent communications with the court, he was released from ACI in November 2006 and currently resides in Orlando, Florida. See Oct. 16, 2006 Letter from Plaintiff (Entry 16); May 23, 2007 Letter from Plaintiff (Entry 17).

complaint be summarily dismissed without prejudice and without issuance and service of process. Report and Recommendation, 5 (Entry 12). On June 5, 2006, Plaintiff filed objections to the Report and Recommendation. Objections (Entry 14).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

**FACTS**

According to Plaintiff, the Florida Department of Corrections released him into the custody of Defendant TransCor on December 26, 2003 for the purposes of extraditing him to South Carolina pursuant to a fugitive warrant pending in Aiken County. On December 28, 2003, TransCor loaded Plaintiff and twenty-two other detainees onto one of its buses to be driven by Defendant Young. Plaintiff states that he was "shackled to another detainee . . . [who] weighed in excess of 200 pounds." Amended Complaint, 3 (Entry 13). According to Plaintiff, no seatbelts or other safety devices were used to restrain any of the detainees.

Plaintiff avers that Defendant Young operated the bus in an erratic manner as it headed north

on Interstate-95 despite the large volume of cars on the highway due to the holiday season. Plaintiff states that Defendant Young "drove the bus at speeds in excess of the posted limits, passed vehicles on the right, weaved [sic] in traffic, and followed other vehicles at too close a distance." Id. Apparently, when the bus neared Brunswick, Georgia, Defendant Young again "attempted to move from the passing (left) lane to the right lane in order to pass slower traffic," at which point the bus "struck the vehicle in the right lane, swerved back to the left lane[,] . . . slammed on the brakes to avoid striking a vehicle in front of the bus," and then "struck the retaining rail on the left side of the road." Id. Plaintiff states that the impact caused him to be "thrown forward into the cage that separates the passengers from the driver," and caused "the individual to whom the Plaintiff was shackled [to] land[] on Plaintiff's back." Id. at 4. Plaintiff and a number of the other detainees sustained injuries in the collision. Plaintiff's injuries include facial lacerations, as well as severe neck and back pains. Id.

Plaintiff states that the detainees - many of whom were injured - remained on the bus without medical assistance while state patrol officers investigated the incident and the bus's flat tires were repaired. Id. At some point, Defendant Young drove the bus to a truck stop, and then later to a local hospital, where six of the detainees including Plaintiff were taken to the emergency room. After Plaintiff received treatment, he and the other injured detainees were placed back onto the bus. Plaintiff states that he "remained shackled to the same individual and no seatbelts or other safety restraints were used." Id.

From December 29, 2003 to January 4, 2004, Plaintiff was held in Buncombe County Detention Center ("BCDC") in Asheville, North Carolina. Plaintiff avers that a representative of Defendant TransCor visited him at BCDC and that "Plaintiff was assured by the representative that

3

he would receive follow-up care upon his arrival at the county facility which requested his extradition." Id. at 5. On January 4, Defendant TransCor transported Plaintiff to Aiken County Detention Center ("ACDC"). Plaintiff states that he informed the booking officers of the bus accident and "complained of the pain he was suffering." Id. "Eventually, Plaintiff was taken to Aiken Regional Medical Center for x-rays and . . . was prescribed pain medication." Id. According to Plaintiff, he did not receive any subsequent follow-up care despite being "told [that] he would be referred to a specialist for his neck and back injuries." Id. During the time Plaintiff was held at ACDC, he claims to have complained to various members of the medical staff "that he was experiencing extreme pain in his neck and back, had limited range of motion in his neck, numbness in his legs, and blurred vision." Id.

Plaintiff filed the instant complaint against Defendants TransCor and Young on December 23, 2005 in the Southern District of Georgia. Complaint, 1 (Entry -2). Plaintiff asserted that Defendants TransCor and Young acted negligently during Plaintiff's extradition. Id. at 9. Plaintiff also claimed that Defendant TransCor's failure to provide adequate medical treatment and follow-up care violated his Eighth and Fourteenth Amendment rights, thereby subjecting him to medical indifference and due process violations. Id. at 9-10. On March 30, 2006, United States District Judge Anthony A. Alaimo issued an order transferring the case to the District of South Carolina. Plaintiff filed an amended complaint on May 22, 2006, in which he named John Doe, ACDC Administrator, as a defendant. Amended Complaint, 1. Plaintiff's amended complaint also reasserted his claims of negligence and constitutional violations against Defendants TransCor and Young. Id. at 6-7.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

Plaintiff objects to the Report and Recommendation on the ground that the Magistrate Judge erred in finding that the court lacked subject matter jurisdiction. Plaintiff contends that the Magistrate Judge improperly characterized his claims as alleging only that Defendants were negligent in their transport of Plaintiff from Florida to South Carolina and that SCDC refused to treat Plaintiff's injuries. Plaintiff asserts that this inaccurate reading of the complaint precipitated the Magistrate Judge's recommendation that the case be summarily dismissed because negligence claims are not cognizable under § 1983 and the court lacked jurisdiction because the requirements of the diversity statute, 28 U.S.C. § 1332(a), were not satisfied. Plaintiff asserts that, to the contrary, he has raised constitutional claims, thus bringing the case within the court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). He further asserts that the court may exercise supplemental jurisdiction over the state law negligence claims pursuant to 28 U.S.C. § 1367.

Federal question jurisdiction is governed by 28 U.S.C. §§ 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331. "The presence or absence of federal-question jurisdiction is [determined] by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citations omitted). Courts generally "look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." King v. Marriott Int'l, Inc., 337 F.3d 421, 424 (4th Cir. 2003) (citing Custer v.

Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)). If federal law creates the plaintiff's cause of action, then federal courts have jurisdiction. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) ("The vast majority of lawsuits 'arise under the law that creates the cause of action.' Thus, we must 'first discern whether federal or state law creates the cause of action. . . . In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction.'") (internal citations omitted).

Plaintiff's claims meet the basic requirements of federal question jurisdiction. In both the initial complaint and the amended complaint, Plaintiff makes various allegations that Defendants violated his constitutional rights. See Complaint, 9 ("[TransCor] violated Plaintiff's 8th and 14th Amendment rights to be free from cruel and unusual punishment and due process by failing to provide adequate medical care and follow-up care for Plaintiff's injuries and knowingly made [sic] an attempt to conceal such injuries by seizing and hiding Plaintiff for six days without any attempt to assist Plaintiff in the aid and care of his said injuries."); id. at 10 (alleging "deliberate indifference and denial of due process in that [TransCor] through it's [sic] employee Cpl. Young was directly responsible for any and all injuries incurred [by Plaintiff during the bus accident]); Amended Complaint, 7 (alleging that "Plaintiff's right to due process under the Fourteenth Amendment was violated by the deliberate indifference of Plaintiff's serious medical needs on the part of TransCor America, Corporal Young, and John Doe").[3] It is apparent that Plaintiff's allegations arise under the

---

[3]   See also Complaint, 10 ("[TransCor] did wilfully deny me my civil rights and thus prevented the 8th and 14th Amendments to be used as they were constituted by law, by knowingly depriving me of the adequate care needed for injuries brought upon me by their driver and employee to whom they are responsible."); Amended Complaint, 6 ("Young demonstrated deliberate indifference to Plaintiff's serious medical needs following the . . . bus crash by failing to immediately have Plaintiff transported to a hospital for treatment"); id. ("TransCor America demonstrated

Constitution; thus, Plaintiff's allegations give rise to general federal question jurisdiction under 28 U.S.C. § 1331.  See Bell v. Hood, 327 U.S. 678, 681-82 (1946) ("Where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit.").[4]  Accordingly, the court declines to summarily dismiss Plaintiff's case for lack of subject matter jurisdiction.[5]

**B.  Section 1983**

The question becomes, then, whether Plaintiff has asserted a claim upon which relief may be granted under 42 U.S.C. § 1983.  In order to state a cause of action under § 1983, a plaintiff must allege that (1) the named defendant deprived him of a federal right, and (2) the defendant did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The court finds that Plaintiff has articulated allegations sufficient to survive summary dismissal.  As discussed *supra*, Plaintiff has alleged that Defendants deprived him of his Eighth and Fourteenth Amendment rights.

---

    deliberate indifference to Plaintiff's serious medical needs following the . . . bush crash by filing [sic] to provide any follow-up treatment for Plaintiff's injuries"; id. at 6-7 ("John Doe demonstrated deliberate indifference to Plaintiff's serious medical needs while in the custody of [ACDC] by failing to provide proper care for Plaintiff's injuries").

[4]    The "two possible exceptions" are allegations that are "immaterial and made solely for the purpose of obtaining jurisdiction" and claims that are "wholly insubstantial and frivolous." Id. at 682-83.  In the court's view, neither exception applies in this case because Plaintiff's allegations of constitutional violations constitute the core of his complaint and do not appear to be frivolous.

[5]    Likewise, the court may exercise supplemental jurisdiction over Plaintiff's related negligence claims pursuant to 28 U.S.C. § 1367 when, as in this case, it possesses original jurisdiction over a federal question.  See 28 U.S.C. § 1367(a) (providing that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

Furthermore, Plaintiff's claims against Defendants TransCor and Young also indicate that they were functioning as state actors for purposes of surviving summary dismissal. See DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (setting out the "four exclusive circumstances" under which a private party could be deemed a state actor, including "when the state has sought to evade a clear constitutional duty through delegation to a private actor . . . [or] delegated a traditionally and exclusively public function to a private actor"). Various district courts have allowed plaintiffs to proceed in claims brought pursuant to § 1983 against private corporations that provide prison transport services, including cases involving Defendant TransCor. See, e.g., Dailey v. Hunter, No. 04-392, 2006 U.S. Dist. LEXIS 82412, at *12 (M.D. Fla. March 22, 2006) (finding that plaintiff had sufficiently pleaded that defendant TransCor acted under color of state law for § 1983 purposes based on TransCor's alleged contract for prisoner transportation with county jail); Irons v. TransCor America, Inc., No. 01-4328, 2006 U.S. Dist. LEXIS 9685, *12 (E.D. Pa. March 9, 2006) (denying summary judgment in § 1983 action because there existed a genuine issue of material fact as to whether defendants, including TransCor, were state actors since private prison companies obtain custody over prisoners only by way of state authorization and plaintiff established that "defendants exercised control over him comparable to incarceration"); Wine v. Dep't of Corrs., No. 00-704, 2000 U.S. Dist. LEXIS 22555, at *8-9 (W.D. Wis. Dec. 27, 2000) (finding that it would be inappropriate to dismiss TransCor as a defendant in § 1983 action because plaintiff had alleged facts sufficient to proceed against TransCor as a state actor). Likewise, this courts finds that it would be inappropriate to dismiss Plaintiff's case at the summary dismissal stage.

## CONCLUSION

The court has accepted all of Plaintiff's factual allegations as true. After thoroughly

reviewing the Report and Recommendation in its entirety, the court declines to adopt the Magistrate Judge's recommendation that the case be summarily dismissed without prejudice and without issuance of service of process. The within action is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

July 26, 2007
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**